Tulrey, J.
delivered the opinion of the court.
This case was before this court at its last term, when it was held that the entry of the land in dispute in Flail’s name, in Henderson county, was liable to execution, and that the proceedings by which it was sold were regular and that the plaintiff’s lessee was entitled to recover the possession of the premises. There is nothing in the case as it is now presented to change those views. The objections now urged, are— 1st, that the judgment of the circuit court, condemning the land to be sold,. has not embodied the evidence upon which the judgments before the justices were rendered, so that it does not appear that the justices had jurisdiction to render the same, they being for an amount above one hundred dollars.
We have repeatedly decided that a judgment, which is not void upon its face, cannot be collaterally attacked. These judgments, upon their face, are good. They are for an amount within the jurisdiction of a justice. • But, furthermore, the statute,- in requiring that all the papers of a case removed from the justice to the circuit.court, for the purpose of selling *446 lands for its satisfaction, shall be recorded, does not include documentary evidence upon which the judgment was rendered, nor depositions, but only the papers which constitute the suit, viz, the process and returns, the judgment and execution, and the returns.
2. It is contended that the grant upon this entry has been issued to Hall, and that, therefore, he has a legal title, and cannot be turned out of possession by the plaintiff, who-has nothing but an equity.
This objection is not available, for two reasons — 1st, the entry being subject by statute to execution sale, the grant issued after the sale in the name of the enterer, will inure to the purchaser, and constitute a muniment of his title by relation, from the date of the entry; 2nd, because the record shows that the grant in this ease was really issued before the sale, and, therefore, the land, in any and every point of view, was legally liable to execution, and the lessee of the plaintiff has acquired a perfect legal title thereto.
Judgment affirmed.